MERRICK B. GARLAND
ATTORNEY GENERAL

RACHAEL A. HONIG
Acting United States Attorney
MICHAEL E. CAMPION
Chief, Civil Rights Unit
KELLY HORAN FLORIO
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2700

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
STEVEN S. ROSENBAUM
Chief
KERRY KRENTLER DEAN
Deputy Chief, Special Litigation Section
HELEN VERA
Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br>v. )<br><br>STATE OF NEW JERSEY and NEW JERSEY DEPARTMENT OF CORRECTIONS, )<br><br>Defendants. ) | Civil No.: |

## COMPLAINT
### (Civil Rights of Institutionalized Persons Act)

PLAINTIFF, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges:

1. The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997, to enjoin the Defendants, the State of New Jersey (State) and the New Jersey Department of Corrections (NJDOC), from depriving prisoners of rights, privileges, or immunities secured and protected by the Constitution of the United States. Specifically, Defendants fail to protect women prisoners in NJDOC's custody from sexual abuse by staff, in violation of the Eighth and Fourteenth Amendments of the Constitution. Systemic failures in Defendants' policies and practices discourage reporting of sexual abuse of prisoners by staff, cause inadequate investigations or responses to allegations of prisoner sexual abuse by staff, and result in inadequate supervision that provides opportunities for further sexual abuse of prisoners by staff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

5. Venue in the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is the United States of America.

7. Defendants are the State and NJDOC.

8. Defendants are responsible for the safety, care, custody, and control of prisoners housed in the Edna Mahan Correctional Facility for Women, located at 30 County Road 513, Clinton, New Jersey 08809 (Edna Mahan).

## FACTS

9. Edna Mahan is an institution within the meaning of 42 U.S.C. § 1997(1).

10. Edna Mahan has the capacity to house approximately 700 women at all custody levels (prisoners), and is the only women's prison in the State.

11. On April 26, 2018, the Department notified the State of its intention to investigate conditions at Edna Mahan pursuant to CRIPA, including specifically "whether there is reasonable cause to believe that Edna Mahan violates the constitutional rights of women prisoners by failing to take measures to reasonably protect them from the harm of staff sexual abuse during their incarceration at Edna Mahan."

12. The United States' investigation included on-site inspections with two expert consultants, staff and prisoner interviews, and extensive review of documents such as policies and procedures, staffing information, prisoner files, incident reports, investigative reports, disciplinary reports, administrative audit reports, prisoner grievances, unit logs, orientation materials, training materials, and quality assurance materials.

13. On April 13, 2020, the United States provided written notice, pursuant to 42 U.S.C. §§ 1997 et seq., to NJDOC and State officials that there is reasonable cause to believe that conditions at Edna Mahan violate the constitutional rights of women prisoners (CRIPA Notice). In the CRIPA Notice, the United States provided the results and recommendations of its investigation. The constitutional and statutory violations outlined in the CRIPA Notice include those described in paragraphs 14 through 22 below.

14. The Defendants fail to keep prisoners at Edna Mahan safe from sexual abuse by staff. From October 2016 to November 2019, five Edna Mahan correction officers and one civilian employee were convicted or pled guilty to charges related to sexual abuse of more than 10 women prisoners; still more have been indicted on similar charges. NJDOC's own investigations have identified additional substantiated incidents of sexual abuse of prisoners by staff, including: unwanted and coerced sexual penetration and oral sex; forced masturbation; and forced undressing.

15. Edna Mahan's inadequate systems for preventing, detecting, and responding to sexual abuse have caused prisoners actual harm and place prisoners at substantial risk of serious harm from staff sexual abuse.

16. Such deficiencies are longstanding and have been in place throughout the course of the United States' investigation.

17. Defendants have not taken action sufficient to correct the longstanding deficiencies.

18. Defendants' policies and practices deter prisoners from reporting staff sexual abuse due to the threat of retaliation, and Defendants fail to protect victims who report sexual abuse from retaliation. Defendants subject prisoners to harsh and isolating conditions when they report sexual abuse by staff. Prisoners report that they tolerate or do not report sexual abuse by staff because they fear reprisal.

19. Defendants fail to respond to allegations with appropriate investigations when prisoners report sexual abuse by staff. Investigations are inadequate and often delayed. Investigators lack the independence necessary to conduct unbiased investigations, and they do not receive sufficient training to investigate allegations of sexual abuse.

20. Defendants fail to provide effective and confidential reporting mechanisms. The result of this failure is to discourage prisoners from reporting sexual abuse.

21. Defendants' policies and practices enable sexual abuse, including sexual assault, of prisoners by staff by failing to ensure a reasonably safe environment. Defendants provide inadequate supervision of prisoners, which presents opportunities for sexual abuse to occur. Defendants' failure to secure and monitor the physical plant of Edna Mahan enables staff sexual abuse of prisoners. Blind spots in camera coverage and abandoned, unused spaces in and around Edna Mahan buildings provide staff opportunities to sexually abuse prisoners. Inadequate staff deployment also places prisoners at substantial risk of harm from sexual abuse by staff.

22. A lack of gender-responsive and trauma-informed policies and practices at Edna Mahan exacerbates these problems and exposes prisoners to additional harm.

23. Since the United States issued the CRIPA Notice detailing its investigative findings, further incidents of sexual abuse, including sexual assault, by staff have occurred. During a series of violent cell extractions at Edna Mahan on or about the night of January 11-12, 2021, officers allegedly beat a prisoner and stripped off her clothes, and a male officer allegedly grabbed her breast and digitally penetrated her vagina.

24. The factual allegations set forth in paragraphs 14 through 22 have been obvious and known to Defendants for a substantial period of time; yet Defendants have been deliberately indifferent to prisoner health and safety by failing to adequately address the conditions described.

## VIOLATIONS ALLEGED

25. The allegations of Paragraphs 1 through 24 are hereby re-alleged and incorporated by reference.

26. Through the acts and omissions alleged in paragraphs 14 through 24, Defendants have violated the rights, privileges, and immunities of persons confined at Edna Mahan secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

27. Through the acts and omissions alleged in paragraphs 14 through 24, Defendants have engaged in a pattern or practice of conduct that deprives persons confined at Edna Mahan of rights, privileges, or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

28. Unless restrained by this Court, Defendant will continue to engage in acts and omissions that deprive persons confined at Edna Mahan of rights, privileges or immunities secured or protected by the Constitution of the United States.

## PRAYER FOR RELIEF

29. The Attorney General is authorized under 42 U.S.C. § 1997a to seek appropriate equitable relief to insure the minimum corrective measures necessary to insure the full enjoyment of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

30. WHEREFORE, the United States prays that this Court enter an order:

    a.    declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 14 through 24 above constitute a pattern or practice of conduct that deprives prisoners confined at Edna Mahan of rights, privileges, or immunities secured or protected by

the Constitution of the United States and that those acts, omissions, and practices violate the Constitution of the United States;

b.       enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 14 through 24 above and requiring Defendants to take such actions as will ensure lawful conditions of confinement are afforded to prisoners at Edna Mahan; and

c.       granting such other and further equitable relief as it may deem just and proper.

FOR THE UNITED STATES:


MERRICK B. GARLAND
Attorney General

8

*s/Rachael A. Honig*
RACHAEL A. HONIG
Acting United States Attorney
District of New Jersey

*s/Michael E. Campion*
MICHAEL E. CAMPION
Chief, Civil Rights Unit
Civil Division
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
973-645-3141
Michael.Campion@usdoj.gov

*s/Kelly Horan Florio*
KELLY HORAN FLORIO
Assistant United States Attorney
Civil Rights Unit
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 645-2824
Kelly.Horan@usdoj.gov

*s/Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*s/Steven H. Rosenbaum*
STEVEN H. ROSENBAUM
Chief
Special Litigation Section

*s/Kerry Krentler Dean*
KERRY KRENTLER DEAN
Deputy Chief
Special Litigation Section

*s/Helen Vera*
HELEN VERA
Trial Attorney
Special Litigation Section

Dated this 10th day of August, 2021

9